UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY D JOHNSON, JR,

          Petitioner,

v.                                            Case No. 21-cv-1208-bhl

WARDEN PAUL S KEMPER,

          Respondent.

## SCREENING ORDER

On October 18, 2021, petitioner Ricky D. Johnson, Jr., a state prisoner currently incarcerated at Racine Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) A few weeks later, he paid the $5.00 filing fee.

Rule 4 of the Rules Governing §2254 Cases, requires the Court to screen Johnson's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

Johnson was convicted of armed robbery as a party to a crime; attempted first-degree intentional homicide with use of a dangerous weapon as a party to a crime; possession with intent to deliver a controlled substance (heroin), between 10 and 50 grams; and two counts of possessing a firearm as a felon. (ECF No. 1 at 2.) He is currently serving a 30-year sentence. (*Id.*) The Wisconsin Court of Appeals affirmed his conviction, and the Wisconsin Supreme Court denied his petition for review. (ECF No. 1-1 at 5-6.)

Johnson asserts six grounds for habeas relief: four for ineffective assistance of trial counsel, one under the Equal Protection Clause based on disparate sentencing, and one for conviction based

on constitutionally unreliable evidence. (ECF No. 1 at 6-15.) But his petition has been filed too late.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a request for federal habeas corpus relief is subject to a one-year limitation period. 28 U.S.C. §2244(d)(1). Generally, this limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be the one identified in [§2244(d)(1)(A)]: 'the date on which the judgment of conviction becomes final.'"). "In Wisconsin, a direct challenge to a conviction becomes 'final' the day the Remittitur issues." *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005) (citing Wis. Stat. §809.26; *State ex rel. Fuentes v. Wisconsin Court of Appeals*, 593 N.W.2d 48, 51 (1999)). Regardless of the starting date, the limitations period is tolled when the petitioner has a properly filed, pending application for post-conviction or collateral review of the challenged judgment. 28 U.S.C. §2244(d)(2).

The Wisconsin Supreme Court denied Johnson's petition for review on July 15, 2020. He did not file his federal habeas petition until October 18, 2021, more than a year after the date on which his conviction became final. (ECF No. 1-1 at 6.) His petition also clearly states that he did not pursue any post-conviction relief beyond direct appeal. (ECF No. 1 at 4.) Because Johnson failed to file his petition within the time allowed by statute, he cannot proceed with a habeas petition related to this conviction. The Court must therefore dismiss his petition.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, the petition for writ of habeas corpus is **DISMISSED**. The Court declines to issue a certificate of appealability.

Dated at Milwaukee, Wisconsin on May 4, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge